UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VOLANDA WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:07-CV-0605-G |
| P.A.M. TRANSPORT, INC.-L.U., | ) |
| | ) **ECF** |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Before the court is the motion of defendant P.A.M. Transport, Inc.-L.U. ("P.A.M.") to vacate arbitration award. For the reasons stated below, the motion is denied.

## I. BACKGROUND

Plaintiff Volanda Woods ("Woods") was injured while on the job while employed by P.A.M. d/b/a Choctaw Express, Inc. Application to Confirm Arbitration Award ("Application") ¶ 9. In accordance with P.A.M.'s injury plan, an arbitration hearing was held on December 19 and 20, 2006. *Id*. ¶¶ 3, 11. On March 16, 2007, the arbitrator rendered an award for Woods. *Id*. ¶¶ 13, 14. On April 6, 2007, Woods

filed an application to confirm the award. On May 16, 2007, P.A.M. filed a motion to vacate the award, contending that the arbitrator was not sanctioned by the American Arbitration Association ("AAA") at the time of the award, the arbitrator was partial and not forthcoming as to why he had been removed from the AAA's list of approved arbitrators, and that his "ill-concealed award of punitive damages" was in manifest disregard for the law. *See generally*, Defendant's Motion to Vacate Arbitration.

## II. ANALYSIS

The standard of review regarding an arbitration award is a deferential one. Judicial review of an arbitration award is extraordinarily limited. *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990), *cert. denied*, 501 U.S. 1206 (1991); *Antwine v. Prudential Bache Securities, Inc.*, 899 F.2d 410, 413 (5th Cir. 1990). The court must sustain an arbitration award even if it does not agree with the arbitrator's interpretation of the contract. *United Paper Workers International Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987).

Furthermore, arbitrators need not provide reasons for their award. *Valentine Sugars, Inc. v. Donau Corporation*, 981 F.2d 210, 214 (5th Cir.) (citing *Antwine*, 899 F.2d at 412), *cert. denied*, 509 U.S. 923 (1993). If the award is rationally inferable from the facts before the arbitrator, the court must affirm the award. *Id*. (citing *Anderman/Smith*, 918 F.2d at 1218).

The court may vacate an arbitration award under Section 10 of the Federal Arbitration Act ("FAA") if the award exceeds the scope of the arbitrator's powers. 9 U.S.C. Section 10(d); *Valentine Sugars*, 981 F.2d at 213. But, in determining whether the arbitrator exceeded his jurisdiction, all doubts are resolved in favor of arbitration. *Valentine Sugars*, 981 F.2d at 213 (citing *Moses H. Cone Memorial Hospital v. Mercury Construction*, 460 U.S. 1, 24-25 (1983)). The arbitrator's authority springs from the arbitration agreement; therefore, the court must look at the terms of the agreement to determine the authority conferred upon the arbitration panel. *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.*, 607 F.2d 649, 651 (5th Cir. 1979) (citing *United Steel Workers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960), and *Gulf and South America Steamship Co., Inc. v. National Maritime Union of America*, 360 F.2d 63, 65 (5th Cir. 1966)).

The court may also vacate an award in arbitration under Section 10 of the FAA if the award shows a "manifest disregard for the law." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 353 (5th Cir. 2004). The arbitrator has manifestly disregarded the law when he has disregarded well established law that is explicit and clearly applicable to the case but decided "to ignore or pay no attention to it." *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 381-82 (2004).

P.A.M. has alleged but not provided sufficient evidence that the arbitrator was not sanctioned by AAA or that, if true, nondisclosure of his alleged removal from the

list of qualified AAA and purported past improper rulings are valid grounds to vacate the award. Nor has P.A.M. demonstrated that the arbitrator acted in manifest disregard for the law.

### III. CONCLUSION

For the reasons stated, the motion is **DENIED**. There being no valid basis on which to vacate the award, Woods' application to confirm the arbitration award is **GRANTED**. Counsel for Woods shall submit, within ten days of this date, an appropriate form of judgment.

**SO ORDERED**.

February 8, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**